**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

APRIL H. PARKER,                               )
                                               )
            Plaintiff,                         )
                                               )   Case No. 06-03122-CV-S-DW-SSA
v.                                             )
                                               )
JO ANNE B. BARNHART,                           )
Commissioner of the Social                     )
Security Administration,                       )
                                               )
            Defendant.                         )

# ORDER

April H. Parker appeals the denial of her application for disability insurance benefits and supplemental security income benefits.  See 42 U.S.C. §§ 401 et seq.; 42 U.S.C. §§1381 et seq. She asserts a disability caused by depression, anxiety, panic attacks, fibromyalgia, and obesity. After a hearing, an ALJ found that Parker was not under a "disability" as defined in the Social Security Act.  The ALJ's decision is the final decision of the Commissioner.  Because the record sufficiently supports the ALJ's findings, the decision is affirmed.

This Court reviews whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole.  See Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2004).  Substantial evidence is less than a preponderance, but enough that a reasonable mind finds adequate to support the ALJ's determination.  See id. at 805.  The Court considers "evidence that supports the ALJ's decision as well as evidence that detracts from it, but even if inconsistent conclusions may be drawn from the evidence, the agency's decision will be upheld if it is supported by substantial evidence on the record as a whole."  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005).

The facts and arguments are presented in the parties' briefs and are repeated here only in part. Parker's main argument is that the ALJ improperly discounted the opinion of Dr. Hale, who completed a "Medical Source Statement – Physical." First, the Court does not agree that Dr. Hale's statement is entitled to controlling weight. On the date Parker requested that Dr. Hale complete disability forms, he had treated her on only three occasions. That is not the kind of treating-source opinion that deserves deference. See 20 C.F.R. § 404.1527(d)(2) ("Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion."); Doyal v. Barnhart, 331 F.3d 758 (10th Cir. 2003) (opinion not entitled to controlling weight "on the basis of a fleeting relationship, or merely because the claimant designates the physician as her treating source."). Substantial evidence also supports the ALJ's decision to further discount Dr. Hale's opinion. Although the Medical Source Statement is, in itself, important medical evidence to be considered, see Reed v. Barnhart, 399 F.3d 917, 921 (8th Cir. 2005), there is little documentary support for Dr. Hale's conclusions.

After careful examination of the record—including the briefs, the ALJ's decision, the transcript of the hearing, and additional medical and documentary evidence—this Court concludes that the ALJ's decision is supported by substantial evidence on the record as a whole. Therefore, the Commissioner's decision denying Parker's application for benefits is AFFIRMED.

SO ORDERED.

/S/ DEAN WHIPPLE
Dean Whipple
United States District Judge

Date: September 15, 2006